# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Jerry L. Craig, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:17cv1402 (AJT/IDD) |
| | ) | |
| Harold W. Clarke, | ) | |
|     Respondent. | ) | |

## MEMORANDUM OPINION

Jerry L. Craig, a Virginia inmate proceeding pro se, has filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of convictions

entered in the Circuit Court of the City of Portsmouth. Case Nos. CR12-2151-01 through -05.

Before the Court is the respondent's Motion to Dismiss the petition, to which Craig has filed his

opposition. [Dkt. No. 29, 32] For the following reasons, the Motion to Dismiss will be granted.

## I. Background

On July 9, 2013, Craig was tried to a jury and found guilty of felony eluding the police,

felony driving after having been declared an habitual offender, driving on a revoked license with

endangerment, DUI second offense within five years, and unreasonable refusal of a blood test,

second offense. In its Order adjudicating Craig's subsequent petition for state habeas corpus

relief, the Supreme Court of Virginia described the facts underlying the convictions as follow:[1]

> Petitioner's convictions arise from a car chase through a residential
> neighborhood which ended when petitioner crashed the Chevrolet
> Tahoe he was driving. Virginia Marine Police Officer Kevin Croft
> first noticed the Tahoe as it passed Croft's marked police vehicle at
> over ninety miles per hour on Western Freeway. Croft engaged his

---

[1] Because a federal court on habeas review of a state conviction must defer to findings of fact
made by state trial and appellate courts, 28 U.S.C. § 2254(d), it is appropriate to look to the state
court's recitation of the salient facts.

lights and siren, but the Tahoe did not stop. Croft pursued the
vehicle as it exited the highway, drove through a red light, and
wove through the streets of a residential neighborhood at speeds of
between fifty and seventy miles per hour. During the pursuit, Croft
could not see who was driving, or how many people were in the
Tahoe. When the driver of the Tahoe swerved to avoid hitting a
van, he lost control and struck a curb, causing the driver's side tire
to come off. The Tahoe spun and flipped. As it did, Croft saw
petitioner being tossed about. When the Tahoe settled, coming to
rest on the driver's side, petitioner's foot was outside the driver's
window and was pinned under the vehicle. Croft did not see
anyone else in or near the Tahoe, nor did he see anyone exit the
vehicle prior to the crash. Petitioner was transported to the
hospital after the crash. His blood alcohol content level ("BAC")
was .20.

Craig v. Clarke, R. No. 151375 (Va. Aug. 8, 2017), slip op. at 1-2. On September 17, 2013,

Craig was sentenced in accordance with the jury's recommendation to serve nine years and six

months incarceration.

Craig appealed the judgment of conviction to the Court of Appeals of Virginia, raising the

sole claim that the evidence was insufficient to prove that he was the driver of the vehicle. On

March 13, 2014, the petition for appeal was denied. Craig v. Commonwealth, R. No. 1850-13-1

(Va. Ct. App. Mar. 13, 2014). The Supreme Court of Virginia subsequently refused Craig's

petition for appeal of that decision. Craig v. Commonwealth, R. No. 140553 (Va. Sept. 23,

2014).

On September 10, 2015, Craig filed a petition for a state writ of habeas corpus in the

Supreme Court of Virginia, asserting the same claims he makes in this federal proceeding. On

July 14, 2016, the Court entered an order directing the circuit court to conduct an evidentiary

hearing on Craig's allegation that he was denied effective assistance of counsel when his lawyer

failed to challenge the conviction for unreasonable refusal to submit to a blood or breath test on

the ground that Craig had not been arrested for driving while intoxicated. See Va. Code § 18.2-

2

268.3 (one element of unreasonable refusal in Virginia is arrest). The circuit court determined

that Craig had not been arrested. On August 8, 2017, the Supreme Court of Virginia entered an

Order granting Craig's state habeas application in part and vacating Craig's conviction for

unreasonable refusal of a blood or breath test, second offense. In all other respects the petition

was dismissed. Craig v. Clarke, R. No. 151375 (Va. Aug. 8, 2017).

Craig then turned to the federal forum and timely filed the instant application for relief

pursuant to §2254 by placing it into his institution's mailing system on November 27, 2017.

[Dkt. No. 1 at 28] In it, he makes the following claims:

A.    He was denied effective assistance of counsel when his attorney
      failed to review police and medical documents which indicated he
      was not placed under physical restraint within the time limit
      required by the implied consent statute, Code § 18.2-268.2.
      Counsel failed to make appropriate motions based on that
      information.

B.    He was denied effective assistance of counsel when his attorney
      failed to review police and medical documents and determine that
      the officer never approached Craig at the time and place to which
      the officer testified, and the officer never advised him of an arrest
      or of the implied consent law. The records indicated that Craig
      was not under physical restraint. They also showed that Officer
      Croft was not in the Trauma Unit of the hospital. Counsel
      therefore should have moved to dismiss the refusal charge.

C.    Counsel were ineffective for failing to object to, move to suppress,
      or move to dismiss the charges based on the faulty or falsified
      search warrant. Croft failed to follow proper procedures in
      obtaining the blood sample that had already been drawn by hospital
      personnel.

D.    Counsel were ineffective for failing to object to the admission of
      the certificate of analysis and the hospital blood test results when
      Craig had not been placed under restraints or submitted to police
      authority. The blood that was analyzed was tested for Craig as a
      patient.

E.       Counsel were ineffective for failing to analyze DMV records and contest the charge under Code § 46.2-391 for being without evidentiary support. Craig never applied for a restricted license or full privilege to drive under § 46.2-391 and it was not his second offense after becoming an habitual offender.

F.       Trial counsel was ineffective for failing to object during arraignment and at trial to the charge under Code § 46.2-391 for lacking evidentiary support.

G.      When trial counsel objected to the driving record he failed to point out that it did not contain any application for a restricted license and to argue that Craig never had a restricted license.

H.      Counsel was ineffective for failing to object when the prosecutor elicited false testimony from Officer Croft and failed to subpoena the nurse to impeach Croft's testimony that he was present in the trauma unit with Craig.

I.       Counsel erred in failing to object to questions that implied that Craig's pre-arrest silence was an admission of guilt. Counsel should have continued to object when the questions were asked of witnesses even though counsel's objection during the prosecutor's opening statement was overruled.

J.       Counsel failed to cross-examine Officer Croft thoroughly regarding the identification of Craig as the driver of the Tahoe.

K.      Counsel was ineffective when he failed to request an instruction on the meaning of willful or wanton disregard of a police signal, which are elements of the offense of eluding the police, and when he failed to argue that willful disregard is less severe than wanton disregard.

L.      Appellate counsel was ineffective for failing to argue the preserved issue that the evidence was insufficient to support the conviction of eluding the police.

M.     Appellate counsel was ineffective for failing to argue that the evidence was insufficient to sustain the conviction of driving on a revoked license with endangerment.

N.      Appellate counsel was ineffective for failing to challenge the

prosecutor's statements during his opening and case-in-chief that Craig had not told anyone he was not the driver of the Tahoe.

O.   The prosecutor's statements during his opening and case-in-chief that Craig had not told anyone he was not the driver of the Tahoe violated Craig's right to pre-arrest silence by implying to the jury that Craig had some duty to surrender that right to authorities. After those comments the jury asked three questions.

P.   The prosecutor knowingly elicited false testimony from the investigating officer at trial that he had advised Craig of the implied consent law at a time other than that indicated on the signed certificate of refusal.

Q.   The trial judge erred when he overruled the defense objection to comments on Craig's pre-arrest silence.

R.   The trial judge erred when he overruled a defense motion to strike the charge of driving on a revoked license with endangerment.

On July 9, 2018, respondent filed a Rule 5 Response and a Motion to Dismiss the petition with a supporting brief, and provided petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K. [Dkt. No. 19 - 22]  Craig subsequently filed an opposition [Dkt. No. 29] with a supporting affidavit. [Dkt. No. 32]  Accordingly, this matter is ripe for disposition.

## II. Exhaustion and Procedural Default

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987);  Rose v. Lundy, 455 U.S. 509 (1982).  To comply with the exhaustion requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999);  Duncan v. Henry, 513 U.S. 364 (1995).  Respondent acknowledges correctly that all of Craig's claims have been exhausted. Resp. Br. at 1, n. 1.

"A habeas petitioner is barred from seeking federal review of a claim that was presented to a state court and 'clearly and expressly' denied on the independent, adequate state ground of procedural default." Bennett v. Angelone, 92 F.3d 1336, 1343 (4th Cir. 1996). A state procedural rule is "adequate" if it is firmly established and regularly or consistently applied by the state court, and "independent" if it does not depend on a federal constitutional ruling. Yeatts v. Angelone, 166 F.3d 255, 263-64 (4th Cir. 1998).

In this case, when Craig asserted claims O (violation of his right to pre-arrest silence), P (knowing elicitation of false testimony from Officer Croft), Q (wrongful overruling of defense objection to prosecutor's comments on his pre-arrest silence) R (wrongful denial of a motion to strike the charge of driving on a revoked license with endangerment) and a portion of K (insufficient evidence to support his felony eluding conviction) in his state habeas corpus action, the Supreme Court of Virginia held that they were barred by the rule enunciated in Slayton v. Parrigan, 215 Va. 27, 30 S.E.2d 680, 682 (1974) that non-jurisdictional issues that could have been raised at trial and on direct appeal are not cognizable when presented in the first instance in a habeas proceeding. The Fourth Circuit Court of Appeals has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, the Virginia court's express finding that Slayton barred review of Craig's claims (O), (P), (Q), (R) and a portion of claim (K) means that those claims also are federally defaulted.

A federal court may not review a procedurally barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 262 (1989). In his Motion/Opposition to Motion to Dismiss [Dkt. No. 29], Craig does not contest that the foregoing claims are defaulted, and he makes no attempt to show that

the default is excused by cause and prejudice. Although Craig continues to assert as he did in the state courts that he is actually innocent of the crimes of which he stands convicted, he merely reiterates the theory of his innocence that was rejected by the jury and offers no new, reliable evidence that was not presented at trial which would call into question the correctness of the verdict.[2] Accordingly, Craig fails to establish that applying the procedural bar would amount to manifest injustice, see Schlup v. Delo, 513 U.S. 298, 324 (1995), and Claims (O), (P), (Q), (R) and a portion of (K) of this petition are procedurally barred from federal review.

### III. Mootness

As noted above, Craig's conviction for unreasonable refusal of a blood or breath test, second offense, was vacated in his state habeas corpus action. Nonetheless, he has reiterated the arguments he successfully pressed in the state proceeding regarding that conviction here in a part of Claim A and in Claims B and H. Because Craig has received the relief he seeks in those claims, they are moot and no longer justiciable. See Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986) (determining that a matter is moot when the issues presented are no longer "live").[3]

### IV. Merits Standard of Review

---

[2]Craig testified at trial that he was a passenger in the Tahoe when the incident occurred. He told the jury that the driver jumped out of the Tahoe during the police pursuit and he took the steering wheel to save himself. The alleged driver did not testify at trial, and Officer Croft, who had a clear view of the Tahoe throughout the chase, did not see anyone jump out of the driver's side of the vehicle. Craig argued on this basis on direct appeal that the evidence was insufficient to show that he was the driver of the vehicle but the Court of Appeals rejected that contention, holding that "the jury was free to accept the Commonwealth's evidence and reject [Craig's] defense that the absent Williams had driven the vehicle but jumped out before the crash." Craig v. Commonwealth, R. No. 1850-13-1, slip op. at 2. That same reasoning is imputed to the Supreme Court of Virginia. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

[3]In fact, the Supreme Court of Virginia expressly stated in its opinion in the state habeas action that "claim (H) is rendered moot by the award of the writ." Craig v. Clarke, supra, slip op. at 5.

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on that same claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each of those standards of review. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [the law] incorrectly." Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002). Instead, "[t]he question under the AEDPA is not whether a federal court believes the state court's determination was incorrect, but whether that determination was unreasonable - a substantially higher threshold." Schriro v. Mandrigan, 550 U.S. 465, 673 (2007). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011). "If this standard is difficult to meet - and it is - 'that is because it was meant to be.'" Burt v. Titlow, 571 U.S. 12, 134 S.Ct. 10, 16 (2013) (quoting Richter, 562 U.S. at 102).

When a federal habeas petitioner challenges the reasonableness of the factual basis for a state conviction, the AEDPA "requires federal habeas courts to presume the correctness of state

8

courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" Schriro, 550 U.S. at 473-74. Under the AEDPA standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### V. Analysis

In all of Craig's federally cognizable claims, he argues that he received ineffective assistance of counsel for various reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). The AEDPA standard of review and the Strickland standard are dual and overlapping and are to be applied simultaneously rather than sequentially. Harrington, 526 U.S. at 105. This results in a very high burden for a petitioner to overcome, because these standards are each "highly deferential" to the state court's adjudication, and "when the two apply in tandem, review is doubly so." Id.

To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v.

Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

Claims A and D: In the portion of Claim A that was not rendered moot when Craig's unreasonable refusal conviction was vacated and in Claim D, he argues that he was denied effective assistance because counsel failed to move to suppress the certificate of analysis of Craig's blood, which he alleges was obtained pursuant to Virginia's implied consent law, Code § 18.2-268.2. He contends that the requirements of that provision were not met because he was not placed under arrest within the time limit required by the statute and his blood was not drawn prior to his arrest. When Craig made this same argument in his state habeas action, the Supreme Court of Virginia rejected it on the following holding:

> The Court holds this portion of claim (A) and claim (D) satisfy
> neither the 'performance' nor the 'prejudice' prong of the two-part

> test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the trial transcript, the certificate of analysis, the August 26, 2012 arrest warrant for blood or blood tests taken or conducted by Norfolk Sentara General Hospital, the hospital release form, and the request for laboratory examination, demonstrates petitioner's blood was not taken or analyzed pursuant to the implied consent statute. Therefore, the time limits of that statute were inapplicable to petitioner's case. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Craig v. Clarke, supra, slip op. at 2.

Craig fails to demonstrate that the foregoing holding reflects an unreasonable determination of the facts or a misapplication of controlling federal principles. Applying the appropriate deference to the Supreme Court of Virginia's factual determination that Craig's blood was not drawn or analyzed pursuant to § 18.2-268.2, as this Court is required to do, 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981), counsel cannot be faulted for failing to move to suppress the certificate of analysis pursuant to that provision. Accordingly, the Virginia courts' denial of relief on these claims was neither contrary to, nor an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts, and the same result is compelled here. Williams, 529 U.S. at 412-13.

Claim C: In Claim C, Craig argues that counsel provided ineffective assistance by failing to move to suppress the certificate of analysis on the ground that the search warrant pursuant to which it was obtained by Officer Croft was falsified or defective. He also asserts that Croft's affidavit [Dkt. No. 1, Ex. 10] was in "direct conflict" with another affidavit to obtain a search warrant received by the Norfolk Circuit Court [Dkt. No. 1, Ex. 28], and he alleges that Croft failed to follow proper procedures when obtaining the warrant. The Supreme Court of Virginia found no merit to these arguments for the following reasons:

11

The Court holds claim (C) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. Petitioner fails to explain why he believes the warrant was falsified or in what way and fails to explain how he believes it is defective. Further, Croft, as an Officer of the Virginia Marine Police, had full law enforcement powers throughout the Commonwealth and did not require the assistance of local police to execute the search warrant, Code 28.2-106(B). In addition, Officer Croft was required to file an inventory list of the items seized pursuant to the warrant, not the seized evidence itself, petitioner does not allege that Croft failed to fulfil this duty, and any such failure would not have rendered the certificate inadmissible. Code § 19.2-57, which governs execution and return of warrants and lists of property seized, does not require evidence to be turned over to the circuit court, just the inventory, and noncompliance with the statute does not require suppression of the evidence. While violations of state procedural statutes are viewed with disfavor, there is no general exclusionary rule for such violations where no deprivation of petitioner's constitutional rights occurred, and Code 19.2-57 does not expressly command the suppression or exclusion of evidence for a violation of the statute. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Craig v. Clarke, supra, slip op. at 4.

To establish that counsel provided ineffective assistance by failing to move to suppress evidence, a petitioner must demonstrate that such a suppression motion would have been meritorious. See Kimmelman v. Morrison, 477 U.S. 365, 375 (1986) (to prevail on such a claim, petitioner must show both that a suppression motion would have been meritorious and that a reasonable probability existed that the verdict would have been different if the evidence had been excluded). Here, for the reasons discussed by Virginia Supreme Court, Craig utterly fails to make such a showing. Accordingly, that Court's denial of relief on Claim C was both factually reasonable and did not amount to an unreasonable application of clearly established federal law, and its determination may not be disturbed. Williams, 529 U.S. at 412-13.

<u>Claims E, F and G</u>: In Claims E, F and G, Craig contends that he received ineffective assistance when his counsel failed to argue that he could not be convicted of driving on a revoked license because his license had not been revoked, as required in Va. Code § 46.2-391(A) and (B), nor was he driving in violation of the terms of a revoked license, as required in § 46.2-391(C). The Supreme Court of Virginia rejected this argument for the following reasons:

> The Court holds claims (E), (F), and (G) satisfy neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in <u>Strickland</u>. The record, including petitioner's indictments and conviction orders and petitioner's DMV transcript and revocation order, which were admitted as exhibits in petitioner's trial, demonstrates petitioner was charged with and convicted for driving on a revoked license in such a manner as to endanger life, limb, or property of another, in violation of Code § 46.2-391(D)(2). To support this conviction, the Commonwealth was required to show, in pertinent part, that petitioner's license had been revoked pursuant to Code § 46.2-391(A) or (B). Under Code § 46.2-391(A)(i), a license must be revoked for a conviction of driving while intoxicated, second offense within ten years. Petitioner's license was first revoked in 1998, after petitioner was convicted of driving while intoxicated and repeatedly driving after his license had been forfeited for driving while intoxicated. Petitioner's license was again revoked in 2012, due to petitioner's 2001 conviction for driving while intoxicated, second offense. As petitioner concedes, his license has never been restored. This evidence was sufficient to prove petitioner's license was revoked pursuant to Code § 46.2-391(A)(i), and counsel could reasonably have determined any argument to the contrary would have been futile. Thus, petitiotner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceedings would have been different.

<u>Craig v. Clarke</u>, <u>supra</u>, slip op. at 4-5.

For the reasons explained by the Virginia court, it is apparent that any attempt by counsel to argue that Craig could not be convicted of driving on a revoked license would have been futile. Indeed, Craig's DMV record which was admitted at trial plainly states on the first page,

"Driver license status: revoked habitual offender." [Dkt. No. 1, Ex. 11] Because the Virginia court's resolution of Claims E, F and G was factually reasonable and in accord with controlling federal principles, Strickland, supra, those claims likewise must be denied here. Williams, 529 U.S. at 412-13.

In Claim I, Craig asserts that counsel rendered ineffective assistance by failing to object to questions posed by the prosecutor to Officer Croft and another officer that implied that Craig's pre-arrest silence amounted to an admission that he was the driver of the Tahoe. The Supreme Court of Virginia rejected this argument on the following holding:

> ... In support of this claim, petitioner cites Taylor v. Commonwealth, 26 Va. App. 485, 499, 495 S.E.2d 522, 529 (1998), in which the Court of Appeals held "the government's interest in using [an accused's] pre-arrest silence in response to a police officer's question as substantive evidence of guilt is substantially outweighed by the burden which such practice imposes on the privilege against self-incrimination."
>
> The Court holds claim (I) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the trial transcript, demonstrates that, during his opening statement, the prosecutor informed the jury the evidence would show Officer Croft never lost sight of the Tahoe, no one got out of the vehicle, and Officer Croft saw the driver of the car as it flipped and that person was petitioner. The prosecutor stated the evidence would show Croft was with petitioner for several minutes before the paramedics arrived and during that time petitioner never told Croft he had not been driving. Counsel objected and the trial court overruled the objection. The prosecutor continued, stating the evidence would show petitioner was attended by Lieutenant Breckenridge, a medic who transported petitioner to the hospital and was with petitioner for almost an hour, and that petitioner never told Breckenridge he was not the driver. At the conclusion of opening statements, outside the presence of the jury, counsel asked for a mistrial, arguing the prosecutor had improperly commented on petitioner's invocation of his right to remain silent. The trial court denied the motion, stating the prosecutor's remarks were "close, but not over the line."

Subsequently, the prosecutor called Croft and Breckenridge as witnesses and, as promised in his opening remarks, elicited testimony from them that petitioner had not claimed he was not the driver of the Tahoe. Counsel did not object. Petitioner testified another person had been driving and had jumped out of the Tahoe, which he estimated was going fifteen to twenty miles per hour, just before the crash. Henry Edwards testified he was walking down the street and saw someone jump out of the Tahoe, land on his feet, and run away just before the crash. Edwards testified he had tried to tell Officer Croft what he saw, but the officer refused to allow Edwards to speak. During closing argument, the prosecutor, without objection, referenced petitioner's failure to inform anyone he had not been driving, noting petitioner had "never told anyone at the scene ... that he wasn't the driver."

Given that the trial court overruled counsel's objection to the prosecutor's remark during his opening statement and denied counsel's subsequent motion for a mistrial, counsel could reasonably have determined raising the same objection when the forecasted evidence was actually admitted would have been futile. Moreover, while the Fifth Amendment forbids the substantive use or comment upon a defendant's refusal to testify, Griffin v. California, 380 U.S. 609, 615 (1965), neither this Court nor the United States Supreme Court has ever held the silence of an individual who is not in custody, is not being questioned, has not invoked the right to silence, and who is instead waiting for or receiving medical assistance, may not be used in a criminal prosecution as substantive or impeachment evidence. Indeed, in Taylor, relied upon by petitioner, the prosecution sought to use the defendant's silence in response to an officer's incriminating question during a noncustodial interrogation as substantive evidence of his guilt. Id. at 496, 495 S.E.2d at 527-28; but see Salinas v. Texas, 570 U.S. __, __, 133 S. Ct. 2174, 2179 (2013) (finding no Fifth Amendment violation where petitioner did not invoke privilege during voluntary police interview and declining to "resolve a division of authority in the lower courts over whether the prosecution may use a defendant's assertion of the privilege against self-incrimination during a noncustodial police interview as part of its case in chief.") Further, the use of pre-arrest silence to impeach a defendant's testimony is not am impermissible restraint upon a person's right to exercise the Fifth Amendment right to remain silent. Jenkins v. Anderson, 447 U.S. 231, 239 (1980). Given that petitioner testified and claimed he was not the driver, counsel could reasonably have determined the prosecutor's

> comments during closing argument regarding petitioner's failure to
> inform anyone at the scene that he wasn't the driver were not
> objectionable. Thus, petitioner has failed to demonstrate that
> counsel's performance was deficient or that there is a reasonable
> probability that, but for counsel's alleged errors, the result of the
> proceedings would have been different.

Craig v. Clarke, supra, slip op. at 5-7.

It is well settled in federal jurisprudence that "strategic choices made [by counsel] after

thorough investigation ... are virtually unchallengeable." Gray v. Branker, 529 F.3d 220, 229 (4th

Cir.), cert. denied, 129 S. Ct. 1579 (2009), quoting Strickland, 446 U.S. at 690-91. In reviewing a

claim of ineffective assistance by counsel, a court must start "with the premise that 'under the

circumstances, the challenged action[s] might be considered sound trial strategy.'" Cullen v.

Pinholster, 563 U.S. 170, 191 (2011). Here, as the Supreme Court of Virginia acknowledged,

defense counsel as a tactical matter reasonably could have chosen to refrain from objecting to the

prosecutor's questions regarding Craig's pre-arrest silence to avoid drawing attention to it.

Particularly since the trial court overruled defense counsel's objection to the prosecutor's

opening remarks regarding the fact that Craig never told Officers Croft and Breckenridge that he

was not the driver of the Tahoe [T. 29], counsel reasonably could have decided that further

references to the issue would have been futile or worse. See Humphries v. Ozmint, 397 F.3d

206, 234 (4th Cir. 2005) ("It is well established that failure to object to inadmissible or

objectionable material for tactical reasons can constitute objectively reasonable trial strategy

under Strickland."); Evans v. Thompson, 881 F.2d 117, 125 (4th Cir. 1989) (counsel may choose

not to object to avoid drawing undue attention to evidence). Because the Virginia court's

resolution of Claim (I) was factually reasonable and in accord with these controlling federal

principles, Strickland, supra, the claim likewise must be rejected here. Williams, 529 U.S. at

412-13.

16

In Claim (J), Craig contends first that counsel provided ineffective assistance by failing adequately to cross-examine Officer Croft regarding his identification of Craig as the driver of the Tahoe. Craig asserts that counsel should have asked questions designed to elicit that Croft was unable to see the real driver who jumped out of the vehicle before it crashed. The Supreme Court of Virginia found no merit to this argument:

> The Court holds this portion of claim (J) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in <u>Strickland</u>. The record, including the trial transcript, demonstrates counsel thoroughly and effectively cross-examined Officer Croft. The officer testified on direct examination that he never lost sight of the Tahoe, was consistently within two or three car-lengths of it, had a clear view of the driver's door, and did not see anyone exit the vehicle before the crash. Officer Croft conceded he could not see the driver during the pursuit and only saw petitioner after the car spun and had begun to flip, when he could see petitioner turning in the compartment. Petitioner's counsel thoroughly cross-examined Officer Croft on his ability to see the driver. Counsel cross-examined Croft regarding the speed of the vehicles and challenged Croft's estimate of how far he was from the Tahoe given the speed of the vehicles and Croft's ability to stop his own vehicle without crashing or leaving any skid marks. In addition, counsel successfully elicited testimony from Croft reaffirming he could not see who was driving during the pursuit, or even how many occupants were in the Tahoe, and admitting the side windows of the Tahoe were tinted. Counsel cross examined Croft regarding his position when the driver first began to lose control of the Tahoe, attempting to show Croft was around a curve from the Tahoe and lost sight of it, but Croft testified he was actually coming out of the curve at that point and that he never lost sight of the Tahoe. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceedings would have been different.

<u>Craig v. Clarke</u>, <u>supra</u>, slip op. at 7-8.

In another portion of Claim (J), Craig argues that counsel rendered ineffective assistance by failing to obtain an affidavit from the Tahoe's manufacturer, and by having no "expert or

layperson testify to the tinted windows." The Supreme Court of Virginia also rejected this position:

> The Court holds this portion of claim (J) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. Petitioner fails to explain what admissible, helpful information an affidavit from the manufacturer would have contained and does not identify any expert or layperson with appropriate knowledge of the tint of the windows on the Tahoe or articulate what testimony this witness would have offered. See Muhammad v. Warden, 274 Va. 3, 19, 646 S.E.2d 182, 195 (2007). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceedings would have been different.

Craig v. Clarke, supra, slip op. at 8.

The Virginia court's holdings as to both portions of Claim (J) are based on reasonable determinations of fact and are consistent with Strickland. As to the contention that counsel's cross-examination of Officer Croft was unconstitutionally deficient, the manner of cross-examination is a tactical choice that is left to the discretion of the attorney. Sallie v. North Carolina, 587 F.2d 636, 640 (4th Cir. 1978), cert. denied, 441 U.S. 911 (1979). Consequently, a federal court considering a habeas claim predicated on cross-examination by an attorney "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. In light of this presumption, coupled with the double deference a federal court must afford to a state court's ruling on a claim of ineffective assistance under the AEDPA, Craig falls short of showing that the Virginia court's decision on the first portion of Claim (J) was unreasonable.

As to the second portion of Claim (J), it is settled that "an allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced." Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir.

18

1996). "[W]ithout a specific, affirmative showing of what the missing evidence or testimony would have been, a 'habeas court cannot even begin to apply Strickland's standards because 'it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance." Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994) (citation omitted). Here, because Craig supplied no proffer of what information would have been provided either by the Tahoe's manufacturer or by the expert witness, the Virginia court's rejection of the second portion of Claim (J) was consistent with these federal authorities, and the same result is compelled here. Williams, 529 U.S. at 412-13.

In the portion of Claim (K) which was not procedurally defaulted in the state forum, Craig argues that he received ineffective assistance of counsel because his attorney failed to request an instruction defining "willful" and "wanton" as they pertain to the crime of felony eluding. The Supreme Court of Virginia determined this contention to be without merit:

> The Court holds this portion of claim (K) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. Petitioner fails to proffer the instruction he contends counsel should have requested. Further, there is no need for a trial court to define "familiar English words when the jury can appreciate their meaning without special knowledge." U.S. v. Lentsch, 369 F.3d 948, 954 (6th Cir. 2004) (citation omitted), and petitioner has proffered no reason for counsel to have concluded the jury was unable to appreciate the meaning of "willful" and "wanton" within the context of the instructions given. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceedings would have been different.

Craig v. Clarke, supra, slip op. at 8-9.

The foregoing holding is based on a reasonable determination of the facts and is

consistent with Strickland. The evidence adduced at trial, as described elsewhere in this opinion,

foreclosed the argument that the actions the driver of the Tahoe took in attempting to elude

Officer Croft were not "willful" and "wanton," and those terms were easily understood by the

jurors. Consequently, the rejection of this claim by the Supreme Court of Virginia will not be

disturbed. Williams, 529 U.S. at 412-13.

      In Claim (L), Craig asserts that appellate counsel was ineffective for failing to challenge

the sufficiency of the evidence to support the conviction of felony eluding because there was

nothing that showed that his conduct endangered anyone. The Supreme Court of Virginia

rejected this assertion for the following reasons:

> The Court holds claim (L) satisfies neither the 'performance' nor m
> the 'prejudice' prong of the two-part test enunciated in Strickland.
> The record, including the trial transcript, demonstrates the
> Commonwealth's evidence showed petitioner, while attempting to
> elude Officer Croft, drove through a residential neighborhood
> during the early evening at a high rate of speed, lost control while
> swerving to avoid another vehicle, and hit a curb, causing the rear
> wheel to come off and the Tahoe to flip over onto the driver's side,
> pinning petitioner's foot under it. Under the circumstances,
> counsel could reasonably have determined the Commonwealth's
> evidence was sufficient to establish petitioner's conduct
> endangered "a person," including petitioner, and any argument to
> the contrary on appeal would have been meritless. Code § 46.2-
> 817(B); Phelps v. Commonwealth, 275 Va. 139, 142-43, 654
> S.E.2d 926, 927 (2008) (defendant's speed and driving, losing
> control of his vehicle, crossing over the oncoming lane of traffic,
> striking a ditch and overturning his vehicle endangered petitioner,
> which was sufficient evidence to support his conviction for felony
> eluding and endangerment under Code § 46.2-817(B)). Morever,
> the selection of issues to address on appeal is left to the discretion
> of appellate counsel, and counsel need not address every possible
> issue on appeal. Jones v. Barnes, 463 U.S. 745, 751-52 (1983).
> Thus, petitioner has failed to demonstrate that counsel's
> performance was deficient or that there is a reasonable probability
> that, but for counsel's alleged errors, the result of the proceeding
> would have been different.

Craig v. Clarke, supra, slip op. at 9-10.

As the Virginia court recognized, the Strickland analysis applies to claims of ineffective assistance on appeal as well as at trial. Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987). Because "appellate counsel is given wide latitude to develop a strategy," Lovitt v. Angelone, 208 F.3d 172, 189 (2000), he or she is not required to assert every conceivable claim on appeal, and counsel's choice of which appellate issues to pursue is virtually unassailable. Jones, 463 U.S. at 751-52. Here, for the reasons articulated by the Virginia court, there has been no showing that appellate counsel's representation satisfies either prong of the Strickland analysis. Accordingly, the Supreme Court of Virginia's rejection of Claim (L) was factually reasonable and in accord with applicable federal principles, Strickland, supra, and that same result must be reached here. Williams, 529 U.S. at 412-13.

In Claim (M), Craig asserts that appellate counsel rendered ineffective assistance by failing to argue that the evidence was insufficient to sustain the claim of driving on a revoked license, because the Commonwealth failed to prove that his license had been properly revoked pursuant to Va. Code §§ 46.2-391(A) or (B). The Supreme Court of Virginia found no merit to this contention:

> The Court holds claim (M) satisfies neither the 'performance' nor m the 'prejudice' prong of the two-part test enunciated in Strickland. For the reasons previously stated, the Commonwealth admitted sufficient evidence to prove petitioner's license had been revoked pursuant to Code § 46.2-391(A) or (B) and such revocation was still in effect. Under the circumstances, counsel could reasonably have determined any argument to the contrary would have been meritless. Moreover , the selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. Jones, 463 U.S. at 751-52. Thus, petitiner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable prrbablity that, but for counsel's alleged errors, the result of the proceeding would have been different.

21

Craig v. Clarke, supra, slip op. at 10.

As is discussed in detail in connection with claim (E), (F) and (G) above, ample evidence was presented at trial that Craig was driving on a revoked license in such a manner as to endanger life, limb, or property of another, in violation of Code § 46.2-391(D)(2). Accordingly, any attempt by appellate counsel to argue to the contrary would have been futile, and it is well established in federal law that an attorney has no duty to make meritless arguments or objections. Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005) (citing Murray v. Maggio, 736 F. 2d 279, 283 (5th Cir. 1984)). For these reasons, the rejection of this claim by the Supreme Court of Virginia was factually reasonable and in accord with applicable federal principles, Strickland, supra, and will not be disturbed. Williams, 529 U.S. at 412-13.

In Claim (N), Craig faults appellate counsel for failing to challenge the trial court's decision to overrule the defense objection to the prosecutor's comment on Craig's pre-arrest silence. The Supreme Court of Virginia disposed of this contention as follows:

> The Court holds claim (N) satisfies neither the 'performance' nor m the 'prejudice' prong of the two-part test enunciated in Strickland. As previously stated, neither this Court nor the United States Supreme Court has held the silence of an individual who is not in custody, is not being questioned, has not invoked his right to silence, and who is instead waiting for or receiving medical assistance, may not be used in a criminal prosecution as substantive or impeachment evidence. Given that Officer Croft never saw petitioner driving the Tahoe and petitioner's own evidence was that he was not, in fact, driving, counsel could reasonably have determined the sufficiency of the evidence to sustain petitioner's driving offenses was the stronger issue to present on appeal. The selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. Jones, 463 U.S. at 751-52. Indeed, "the process of 'winnowing out weaker claims on appeal and focusing on ' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective ... advocacy." Burger v. Kemp, 483 U.S. 776, 784 (1987) (citation

22

omitted). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Craig v. Clarke, supra, slip op. at 10-11.

For the reasons which are clearly explained by the Supreme Court of Virginia, appellate counsel's failure to present the argument Craig suggests did not amount to constitutionally deficient performance. Accordingly, its rejection of claim (N) was in accord with applicable federal principles, Strickland, supra, and the same result must be reached here. Williams, 529 U.S. at 412-13.

## VI. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for habeas corpus relief will be dismissed with prejudice. An appropriate Order and judgment shall issue.

Entered this __24th__ day of __January__ 2019.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge